# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID J. CLARK,
          Petitioner,

v.                                        Case No. 12-CV-00752

DEBORAH MCCULLOCH, Institution
Director, Sand Ridge Secure Treatment
Center,
          Respondent.

## DECISION AND ORDER

      Petitioner David Clark filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting that he is currently being confined in violation of the laws of the United States. Petitioner is being held at the Sand Ridge Secure Treatment Center for an indeterminate period of time based on the Milwaukee County Circuit Court's finding that he is a sexually violent person under Wis. Stat. § 980.01(7).

      Petitioner has filed a motion to convert his petition to a petition under 28 U.S.C. § 2241. However, as a state prisoner, petitioner properly brought his claims under 28 U.S.C. § 2254, not § 2241. *Walker v. O'Brien*, 216 F.3d 626, 632–33 (7th Cir. 2000). Federal prisoners must bring habeas corpus challenges to their original conviction and sentence under 28 U.S.C. § 2255, and challenges to the fact or duration of confinement that do not stem from the original conviction under § 2241. *Id.* State prisoners, on the other hand, should bring all challenges to their confinement under § 2254 because the language in that statute is broader than § 2255. *Id.* Section 2254 encompasses any application "in behalf of a person in custody pursuant to the judgement of a State court . . . in violation of

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Therefore, I will deny petitioner's motion to convert the petition.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give this case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies. Having reviewed the petition, I conclude that it does not plainly appear that the petitioner is not entitled to relief in the district court. Accordingly, respondent will be ordered to file a response to the petition.

**THEREFORE, IT IS ORDERED** that petitioner's motion to convert the petition [DOCKET #5] is **DENIED**.

**FURTHER, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief

2

within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and, in accordance with the memorandum of understanding between this court and the Wisconsin Department of Justice, electronically transmitted to the Attorney General for the State of Wisconsin.

Dated at Milwaukee, Wisconsin, this 13th day of August 2012.

s/ Lynn Adelman
LYNN ADELMAN
District Judge

3