IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DAVID J. CLARK,

    Petitioner,

v.                        Case No. 12-CV-752

DEBORAH McCULLOCH, Institution
Director, Sand Ridge Secure
Treatment Center,

    Respondent.

**RESPONDENT'S BRIEF IN SUPPORT OF MOTIONS TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND TO STAY TIME TO ANSWER PETITION**

Respondent Deborah McCulloch, Director of the Sand Ridge Secure Treatment Center, by undersigned counsel and pursuant to this court's order of August 13, 2012, submits this brief in support of her motions to dismiss Petitioner David J. Clark's petition for a writ of habeas corpus and to stay her time to answer the petition pending this court's resolution of the motion to dismiss. Attached to this brief are the following exhibits:

> **Exhibit A**: A printout of the computerized docket entries from *State v. David Joseph Clark*, Case No. 2005CI02 (Milwaukee County Circuit Court), printed on September 5, 2012. Available at www.wcca.wicourts.gov.

**Exhibit B**: Clark's Amended Brief in Support of Motion for Summary Judgment in *State v. David Joseph Clark*, Case No. 2005CI02 (Milwaukee County Circuit Court).

**Exhibit C**: Transcript of November 30, 2010 motion hearing in *State v. David Joseph Clark*, Case No. 2005CI02 (Milwaukee County Circuit Court).

**Exhibit D**: Clark's Amended Brief in Support of Release in *State v. David Joseph Clark*, Case No. 2005CI02 (Milwaukee County Circuit Court).

**Exhibit E**: Transcript of January 12, 2011 motion hearing in *State v. David Joseph Clark*, Case No. 2005CI02 (Milwaukee County Circuit Court).

**Exhibit F**: Clark's petition for leave to appeal to the Wisconsin Court of Appeals in *State v. David Joseph Clark*, Case No. 2011AP180-LV.

**Exhibit G**: The Wisconsin Court of Appeals' April 25, 2011 order denying Clark's petition for leave to appeal in *State v. David Joseph Clark*, Case No. 2011AP180-LV.

**Exhibit H**: Clark's petition for review in the Wisconsin Supreme Court in *State v. David Joseph Clark*, Case No. 2011AP180-LV.

**Exhibit I**: The Wisconsin Supreme Court's August 12, 2011 order dismissing Clark's petition for review in *State v. David Joseph Clark*, Case No. 2011AP180-LV.

**Exhibit J**: Clark's motions for declaratory judgment in *In re David J. Clark*, Case No. 11-C-526 (E.D. Wis.), filed June 2 and 3, 2011.

**Exhibit K**: The court's order denying Clark's motions for declaratory judgment in *In re David J. Clark*, Case No. 11-C-526 (E.D. Wis.), issued June 9, 2011.

**Exhibit L**: The court's order dismissing Clark's 42 U.S.C. § 1983 complaint in *Clark v. Wisconsin, et al.*, Case No. 11-cv-293-wmc (W.D. Wis.), issued March 6, 2012.

## BACKGROUND

Clark is in Respondent's custody at Sand Ridge Secure Treatment Center where he is awaiting trial on the State of Wisconsin's petition to commit him as a sexually violent person. *See* Wis. Stat. ch. 980. The State filed the petition in Milwaukee County Circuit Court in April 2005 and after a hearing in July 2005, the court found probable cause to believe Clark was sexually violent (Ex. A:1). *See* Wis. Stat. §§ 980.02; 980.04(2) and (3). After a bench trial in March 2007, the court found that Clark was a sexually violent person (Ex. A:6-7). *See* Wis. Stat. § 980.05. In January 2009, the circuit court granted Clark's request for a new trial, which is scheduled to begin March 20, 2013 (Ex. A:15, 31).[1]

In his habeas petition, Clark challenges the circuit court's probable cause finding which, because the results of his first trial were vacated, is the basis for his custody (Dkt. 1:6-8). Specifically, he contends the court's finding

---

[1] In its Rule 4 order, the court indicated that Clark was in custody based on the state court's finding that he was sexually violent (Dkt. 6:1). This is incorrect. As indicated, Clark is awaiting trial. The basis for his custody is the circuit court's probable cause finding.

- 3 -
Case 2:12-cv-00752-NJ    Filed 09/12/12    Page 3 of 12    Document 14

violated due process by relying on irrelevant evidence presented by the State's expert (Dkt. 1:6-8; Dkt. 2:8-9). Clark maintains the evidence was irrelevant under *State v. Mark*, 2005 WI App 62, 280 Wis. 2d 436, 701 N.W.2d 598, which holds that a committee's level of restraint or supervision is irrelevant to whether he is sexually violent within the meaning of Wis. Stat. § 980.01(7) (Dkt. 2:8-9). *Mark*, 701 N.W.2d 598, ¶ 47. Clark argues that the expert improperly considered that Clark would be out of prison when assessing whether he was sexually violent (Dkt. 2:1-2, 8-9).

Clark presented this claim in state court. He first raised it in a circuit court motion for summary judgment in September 2010 (Ex. A:21; Ex. B). The court denied this motion in November 2010 because summary judgment does not apply to Chapter 980 proceedings (Ex. A:22; Ex. C:7-8). In December 2010, Clark filed a motion asking the circuit court to release him from custody which again challenged the probable cause finding (Ex. A:23; Ex. D). The court denied this motion in January 2011 (Ex. E:9-10). Clark then sought leave to appeal the court's orders denying his motions in the Wisconsin Court of Appeals, which denied his request in April 2011 (Exs. F, G). *See* Wis. Stat. §§ 808.03; 809.50. The Wisconsin Supreme Court dismissed Clark's petition for review in August 2011 (Exs. H, I).

Clark has also challenged the circuit court's probable cause finding in federal court (Exs. J, K). In two June 2011 motions for declaratory judgment,

he asked this court to enjoin his commitment trial, then scheduled for August 10, 2011, on the grounds that the circuit court's finding of probable cause was based on the State's expert's improper testimony (Ex. J). This court denied Clark's request, holding that it should abstain under *Younger v. Harris*, 401 U.S. 37 (1971), because of the ongoing state court proceedings (Ex. K). Clark also unsuccessfully pursued a 42 U.S.C. § 1983 civil rights action against several state court judges, prosecutors, defense attorneys, and the State's expert witness arguing that his unsuccessful challenges to the probable cause determination showed that the State had a policy or custom to "as far as practicable deny any and all Chapter 980 substantive rights or relief" (Ex. L). *See David J. Clark v. Wisconsin, et al.*, Case No. 11-cv-293-wmc (W.D. Wis.) (Mar. 6, 2012).

## ARGUMENT

I. **CLARK'S PETITION DOES NOT STATE A CLAIM COGNIZABLE IN FEDERAL HABEAS CORPUS BECAUSE IT ALLEGES ONLY A VIOLATION OF STATE LAW.**

In his petition, Clark argues that the circuit court's probable cause finding violates due process because it was based on the expert's irrelevant testimony (Dkt. 1:6-8; Dkt. 2:1-2, 7-9). Clark maintains that he thus should not have been ordered to stand trial on the commitment petition and asks

- 5 -
Case 2:12-cv-00752-NJ   Filed 09/12/12   Page 5 of 12   Document 14

this court to either dismiss his state case or order that the state courts do so (Dkt. 1:6-8, 12).

This court cannot address this claim because it only raises state law issues which may not be raised in federal habeas corpus. This court can grant relief to persons who show that their custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). Habeas corpus is generally not available to correct errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Violations of state laws are cognizable only if they resulted in fundamental unfairness and consequently violate a petitioner's constitutional rights. *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003).

Clark's claim rests entirely on state law. He argues that the expert's testimony was irrelevant under *Mark* because the expert considered that Clark would be out of prison in his assessment of Clark's dangerousness (Dkt. 2:1-2, 8-9). *See Mark*, 701 N.W.2d 598, ¶ 47. Even assuming this is true, Clark has only proven that the circuit court violated state law, specifically, the interpretations of sexually violent person in Wis. Stat. § 980.01(7) and relevancy in Wis. Stat. § 904.01 by the Wisconsin Court of Appeals in *Mark*. This is not a federal constitutional issue. *See Milone v. Camp*, 22 F.3d 693, 702 (7th Cir. 1994) (admissibility of evidence is generally a matter of state law).

Further, the admission and consideration of the expert's testimony did not violate Clark's rights because it happened in a proceeding that has no federal constitutional basis. A Chapter 980 probable cause hearing is akin to a criminal preliminary hearing, and the same rules govern both. *See State v. Watson*, 227 Wis. 2d 167, 201-02, 595 N.W.2d 403, 418 (1999). There is no federal constitutional right to a preliminary hearing; it is solely a creation of statute. *See State v. Moats*, 156 Wis. 2d 74, 83, 457 N.W.2d 299, 303 (1990); *see also Gerstein v. Pugh*, 420 U.S. 103, 118-19 (1975) (judicial hearing is not a prerequisite to prosecution by information); *Odell v. Burke*, 281 F.2d 782 (7th Cir. 1960).

Because Clark's claim is grounded in state law, he has to show that the admission of the evidence and the court's finding were fundamentally unfair, leading to a violation of his constitutional right to due process. *Milone*, 22 F.3d at 702. He has not done so. Clark has no constitutional right to a probable cause hearing and thus has no constitutional guarantees on the type of evidence that could be admitted at it. It takes more than an assertion of a due process violation to turn a state claim into a federal one. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). This court should conclude that Clark's claim is not cognizable in federal habeas.

## II. THIS COURT SHOULD ABSTAIN FROM DECIDING CLARK'S PETITION BASED ON *YOUNGER v. HARRIS* BECAUSE HIS STATE COURT PROCEEDINGS ARE ONGOING.

Alternatively, this court should not consider Clark's petition based on the abstention doctrine of *Younger*. As it did previously, this court should decline to accept jurisdiction over Clark's petition because his state court commitment proceedings have not yet ended.[2]

Under *Younger*, federal courts must abstain from interfering with state proceedings that are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances-like bias or harassment-

---

[2] Although Clark raised his claim in an earlier application to this court, Respondent does not believe that Clark's current petition is a second or successive one within the meaning of 28 U.S.C. § 2244(b)(1) because both filings should be construed as made pursuant to 28 U.S.C. § 2241, to which § 2244(b)(1) does not apply.

Clark's previous application, while styled a motion for declaratory judgment, should be construed as a habeas petition filed pursuant to 28 U.S.C. § 2241 because it was submitted before the completion of his state court proceedings. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) (habeas corpus is the appropriate remedy for state prisoners challenging the validity of their confinement); *Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (habeas petitions filed by state pretrial detainees are properly classified as 28 U.S.C. § 2241 petitions). Likewise, Clark's current petition should also be classified as made under § 2241 because he is still awaiting trial.

While Clark's current petition is not barred, this court's previous decision should lead it to continue to abstain from considering the merits of Clark's claim. It does not appear that, strictly speaking, this court should follow its earlier decision based on *res judicata*, particularly because such a holding could improperly bar Clark from raising this claim in any post-commitment habeas petition. Nonetheless, Clark's state case is not now in a significantly different procedural position than it was when he filed his previous application; he is still awaiting his commitment trial. As such, this court should again abstain from hearing Clark's claim.

exist which auger against abstention.'" *See FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007) (quoted source omitted). A pretrial detainee may seek federal habeas relief after exhausting state remedies "if immediate federal intervention is necessary to prevent the challenge from becoming moot," such as a claim that the state proceeding violated a person's right to a speedy trial or to be free from double jeopardy. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). The Seventh Circuit has applied *Younger's* abstention doctrine to persons detained pending Chapter 980 commitment trials. *Id.*

Abstention is appropriate here. The commitment proceedings are judicial and implicate important state interests. *See id.* (commitment proceedings "are just as worthy of protection against being enjoined by federal judges as the other types of noncriminal proceeding[s] to which *Younger* has been applied"). Further, assuming that Clark's claim implicates a constitutional right, Wisconsin provides a remedy for its violation. Clark sought an interlocutory appeal from the court's order rejecting his challenge to the finding of probable cause. While the court of appeals did not grant his petition, by requesting the appeal, Clark preserved his claim for later appellate review, should he be found sexually violent at his trial. *See State v. Owen*, 202 Wis. 2d 620, 643, 551 N.W.2d 50, 60 (Ct. App. 1996) (defendant preserved claim that evidence at preliminary hearing was insufficient by

unsuccessfully seeking leave to appeal order binding him over for trial); *Watson*, 595 N.W.2d at 418-19 (1999) (chapter 980 probable cause hearing is similar to preliminary hearing and same rules govern both).

Finally, and contrary to Clark's claims, no extraordinary circumstances warrant this court's intervention. Clark claims that the State filed the commitment petition against him in bad faith, but this argument is based on his claim that the evidence at the probable cause hearing was insufficient (Dkt. 2:9). Simply because Clark believes that some of the evidence used to find probable cause is irrelevant under Wisconsin law does not mean that the State knew that its initiation of the commitment proceedings was without any basis in the law, dishonest, or fraudulent.

Clark also argues that his unsuccessful efforts to get the state courts to grant him relief on his claim demonstrate their bias towards and harassment of him (Dkt. 2:9-10). Clark has not demonstrated that any of the courts' decisions were motivated by a "pervasive and perverse animus" against him. *See State v. Rodriguez*, 2006 WI App 163, ¶ 36, 295 Wis. 2d 801, 722 N.W.2d 136 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). In his brief, Clark points to one exchange with the court at his January 11, 2012 hearing where he claims the court "ridiculed" him and tried to "lull" him into having a trial (Dkt. 2:3-5; Ex. E:10-19). Respondent sees no ridicule in the exchange. Instead, it shows the court explaining to a frustrated Clark why it was

denying his claim and explaining he could appeal. Clark did so. Clark was represented at the hearing, and the court also permitted him to complain about his attorney. That the court might have been short or exasperated with Clark does not show bias, particularly in light of the continually delayed proceedings and, by Clark's own admissions, his numerous "pugnacious" filings (Dkt. 2:10).

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky*, 510 U.S. at 555. Clark has not demonstrated that this court should accept his petition and intervene in his ongoing state court proceedings.

### III. THIS COURT SHOULD STAY RESPONDENT'S TIME FOR ANSWERING CLARK'S PETITION PENDING ITS RESOLUTION OF THE MOTION TO DISMISS.

Respondent also asks this court to stay her time to answer Clark's petition until it rules on her motion to dismiss. Pursuant to this court's August 13, 2012 order, Respondent is required to answer Clark's petition within thirty days of the order (Dkt. 6:2-3). The order establishes two briefing schedules based on whether Respondent files a dispositive motion with the answer (Dkt. 6:2-3). Because Respondent is asserting that Clark's petition does not state a claim for relief and that this court should abstain

from taking jurisdiction in this case, resolution of these issues is appropriate before Respondent answers the petition. If the court grants the motion to dismiss, the motion to stay will be moot. In the event the court denies Respondent's motion to dismiss, she requests an additional thirty days from the date of the court's order denying the motion to file the answer.

## CONCLUSION

Upon the foregoing, Respondent respectfully requests that this court **DISMISS** Clark's petition for a writ of habeas corpus and stay Respondent's time for answering the petition.

Dated at Madison, Wisconsin this 12th day of September, 2012.

Respectfully submitted,

J.B. VAN HOLLEN
Attorney General

s/ Aaron R. O'Neil

AARON R. O'NEIL
Assistant Attorney General
State Bar #1041818

Attorneys for Respondent

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1740
(608) 266-9594 (Fax)
oneilar@doj.state.wi.us