# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID J. CLARK,**

    **Petitioner,**

    **v.**                                                **Case No. 12-CV-752**

**DEBORAH McCULLOCH,**

    **Respondent.**

## DECISION AND ORDER GRANTING
## RESPONDENT'S MOTION TO DISMISS

    David J. Clark ("Clark") is being held at the Sand Ridge Secure Treatment Center pending trial in a sexually violent person commitment proceeding pursuant to Wis. Stat. § 980.02. Clark petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming his custody is unconstitutional because the probable cause finding for civil commitment was void. Because Clark is still awaiting trial, the Court construes his petition as being made under 28 U.S.C. §2241. *Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001).

    Before the Court is the respondent's motion to dismiss. The respondent makes two arguments for dismissal: first, Clark's petition does not state a claim cognizable on habeas review as it alleges only a violation of state law; second, this Court must abstain under the principles of *Younger v. Harris*, 401 U.S. 37 (1971). (Respondent's Mtn. to Dismiss, Docket # 13.) Clark filed a responsive brief opposing the motion to dismiss. (Docket # 16.) The motion is now ready for disposition. For the reasons that follow, the respondent's motion to dismiss is granted.

    In June of 2011, Clark filed a motion in this District for declaratory judgment alleging Due Process violations. (Case No. 11-CV-526). (Mtn. for Dec. Judgment, Docket # 14-10; Case No. 11-

CV-526, Docket # 1.) In an order dated June 9, 2011, the district court issued an order dismissing the case under the principles of *Younger v. Harris*, 401 U.S. 37 (1971). (6/9/11 Order on Mtn. for Dec. Judgment, Docket # 14-11; Case No. 11-CV-526, Docket # 6.) The court held that it must abstain from adjudicating Clark's motion because ongoing state proceedings served as the basis for the motion. (*Id.*)

Clark's procedural posture has not changed since filing his motion for declaratory judgment in this District approximately eighteen months ago. In June of 2011, Clark was pending trial on a petition to commit him as a sexually violent person. (*See* Docket # 14-1.) Currently, his trial is scheduled to begin on March 20, 2013. (*Id.* at 31.) Thus, the state proceedings remain ongoing. Furthermore, Clark's motion for declaratory judgment raises arguments very similar to those he raises in his petition for habeas corpus. (*Compare* Pet. for Habeas Corpus, Docket # 1 *with* Mtn. for Dec. Judgment, Docket # 14-10.) In his motion for a declaratory judgment, he sought a ruling that found his commitment based on the pretrial probable cause finding was void. (Docket # 14-10.) In his habeas petition, he alleges that he is being held in violation of Due Process as the probable cause finding detaining him was based on inadmissible evidence and is therefore void. (Docket # 1.)

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from interfering in state proceedings that are: "(1) judicial in nature, (2) implicate important state interests, (3) and offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstance—like bias or harassment—exist which auger against abstention." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590 (7th Cir. 2007) (internal quotations and citations omitted).

A Chapter 980 commitment proceeding is inherently judicial in nature; it encompasses hearings, a trial, and the enforcement of a Wisconsin state statute. Similarly, it implicates important

state interests, such as the treatment and rehabilitation of repeat sexual offenders and the protection of the community. *See* Wis. Stat. Chapter 980; Wis. Stat. § 980.06. The principles of *Younger* are applicable to habeas petitions from pending Wisconsin Chapter 980 sexually violent person commitments. *Sweeney v. Bartow*, 612 F. 571, 572 (7th Cir. 2010).

Though "a person who is in state custody awaiting a determination by the state courts of the legality of custody may seek federal habeas corpus to challenge that custody" despite the *Younger* abstention doctrine, federal intervention must be "necessary to prevent the challenge from becoming moot." *Id.* at 573. The Seventh Circuit explained that challenges based on allegations of the petitioner's right to a speedy trial or that he had been placed in double jeopardy would allow a federal habeas court to entertain the petition despite the *Younger* doctrine. *Id.*; *see also Olsson v. Curran*, 328 Fed. Appx. 334, 335 (7th Cir. 2009) ("Relief for state pretrial detainees through a federal petition for habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies.").

However, Clark does not challenge his detention on any grounds that will become moot after his trial. The basis for his habeas petition is that his pretrial custody is in violation of Due Process in that the determination to detain him is based on inadmissible evidence. This is analogous to a petitioner using habeas relief to challenge the arrest warrant when he is able to challenge the warrant after his conviction. *See United States ex rel. Frierson v. Pate*, 354 F.2d 588, 589-90 (7th Cir. 1965) (explaining that the federal court should abstain from ruling on a habeas petition in which the basis is a challenge to an arrest warrant as the petitioner has post-conviction remedies at the state level). Furthermore, though the Wisconsin Court of Appeals did not grant Clark's petition for a permissive interlocutory appeal from the circuit court's denial of his Wis. Stat. § 806.07 motion, he has

nonetheless preserved his claim for appellate review in the event he is found to be a sexually violent person. Clark is not limited in his ability to appeal if he is ultimately found to be a sexually violent person.

Clark, however, argues that *Younger* should not apply because of "extraordinary circumstances," namely bias and harassment. (Pet. Br. in Opposition of Mtn. to Dismiss, Docket # 16 at 17-26.) Clark bears the burden of demonstrating that extraordinary circumstances warranting federal intervention exist. *See Ramsden v. AgriBank, FCB*, 214 F.3d 865, 872 (7th Cir. 2000), *cert. denied*, 531 U.S. 1036 (2000). The Supreme Court has explained that determining whether extraordinary circumstances exist must be done on a case-by-case basis. *FreeEats.com, Inc.*, 502 F.3d at 596 (citing *Kugler v. Helfant*, 421 U.S. 117, 124-24 (1975) (footnote omitted)). Furthermore, the Supreme Court has said that "'such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation.'" *Id.*

Though Clark alleges various grounds as evidence that the proceedings against him have been conducted in bad faith, none of his allegations rise to the level of "extraordinary circumstances." (*See* Docket #16 at 17-26.) Clark suggests that the state has misrepresented his arguments and the law applicable to his case, for example. (*Id.* at 17.) Such a characterization is not supported upon examination of the respondent's brief; it contains an accurate representation of the law and is not disingenuous in its representation of Clark's arguments. The overarching argument of Clark's various other allegations appears to be that he will be unable to receive relief in the Wisconsin court system, based in part on his filings of complaints with the Office of Lawyer Regulation and John Doe complaints, among others. This, too, is unfounded. The state court proceedings, rulings, and

- 4 -

determinations thus far do not show that Clark will be unable to obtain a fair trial, file an appeal should he be found to be a sexually violent person, or obtain other appropriate relief. Therefore, Clark has not met his burden of showing that the "exceptional circumstance" exception to the *Younger* doctrine applies in his case.

Again, Clark's procedural posture from June 2011 when he filed a motion for declaratory judgment in this District remains unchanged. Clark's state court proceedings are still ongoing. The strictures of *Younger* therefore require abstention. Further, there are no "exceptional circumstances" present in Clark's case that warrant applying the exception to the *Younger* abstention doctrine. The respondent's motion to dismiss is therefore granted.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 15th day of February, 2013.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge