# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID J. CLARK,**

    **Petitioner,**

  **v.**                                           Case No. 12-CV-752

**DEBORAH McCULLOCH,**

    **Respondent.**

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

On July 23, 2012, the petitioner, David J. Clark ("Clark") filed a petition for a writ of habeas corpus. (Docket # 1.) On February 15, 2013, this Court granted the respondent's motion to dismiss (Docket # 13) and dismissed the petition (Docket # 18, 19). On March 18, 2013, Clark filed a motion to alter or amend the judgment under Fed. R. Civ. Pro. 59(e). For the reasons set forth in this decision, Clark's motion is denied.

Federal Rule of Civil Procedure 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)

(quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

In his motion, Clark does not present any newly discovered evidence. Therefore, the question is whether this Court has made a "manifest error of law or fact." Clark raises two arguments in his motion for reconsideration. First, he argues that this Court was incorrect in determining that his argument regarding whether his detention based on a probable cause hearing is void would not be moot following trial. Second, Clark argues that this Court improperly applied the *Younger* doctrine and was incorrect in determining that he did not present evidence sufficient to support a finding that an exception to abstention applied in his case.

In deciding to dismiss Clark's petition for habeas corpus, the Court explained that though mootness presents an exception to *Younger* abstention doctrine, Clark's argument about his pretrial detention was not subject to that exception. The Court found that Clark's case was not one that required federal intervention in order "to prevent the challenge from becoming moot." *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). Clark cites to Chapter 970 preliminary hearing cases in criminal proceedings to argue that error at his Chapter 980 probable cause hearing, which is a civil proceeding, must be addressed pretrial. But, Clark has cited to no authority to suggest that pretrial detention pursuant to Chapter 980 is not reviewable on appeal such that it must be reviewed by a federal habeas court pretrial. Thus, Clark's argument in his motion for reconsideration does not demonstrate a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto*, 224 F.3d at 606 (internal quotations omitted).

- 2 -

Case 2:12-cv-00752-NJ    Filed 04/17/13    Page 2 of 3    Document 21

Ultimately, the Court's decision to abstain from reaching the merits of Clark's petition and to dismiss the case rested on Clark's failure to show extraordinary circumstances excepting him from the application of *Younger*. On this point, Clark argues that this Court improperly conflated bad faith and extraordinary circumstances. Clark understood this Court to require that he show both bad faith and extraordinary circumstances. That is not so. As Clark correctly notes, *FreeEats.com, Inc. v. Indiana* cites the two instances in which the Supreme Court found abstention inappropriate: (1) when the state proceedings are initiated or conducted in bad faith or with intention to harass; and (2) where "the plaintiff has demonstrated 'an extraordinarily pressing need for immediate equitable relief'" in order to avoid irreparable injury. 502 F.3d 590, 596-97 (7th Cir. 2007). But, *FreeEats.com, Inc.* also succinctly states that *Younger* permits federal intervention in ongoing state proceedings only when "extraordinary circumstances—likes bias or harassment—exist which auger against abstention." *Id.* at 596 (internal citations omitted). In other words, bias, harassment, and bad faith are all examples or demonstrations of extraordinary circumstances. Thus, Clark has not shown that this Court made a "manifest error of law" in finding that his allegations of bad faith failed to rise to the level of an extraordinary circumstance justifying federal intervention in ongoing state proceedings.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's Motion for Reconsideration (Docket # 20) is **DENIED**.

Dated at Milwaukee, Wisconsin this 17th day of April, 2013.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge